NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHAN DICOMITIS, | No. 17-35948 |
| Plaintiff-Appellant, | D.C. No. 9:16-cv-00094-DLC |
| v. | |
| UNITED PARCEL SERVICE, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted November 9, 2018**
Portland, Oregon

Before: TALLMAN and IKUTA, Circuit Judges, and BOUGH,*** District Judge.

Stephan Dicomitis ("Dicomitis") appeals the district court's grant of

summary judgment in favor of United Parcel Service, Inc. ("UPS") on his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

wrongful termination and failure to accommodate claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Montana Human Rights Act ("MHRA"), Mont. Code Ann. §§ 49-2-101 *et seq.*[1] We have jurisdiction under 28 U.S.C. § 1291. After reviewing the district court's grant of summary judgment de novo, *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013), we affirm.

To prevail on his claims, Dicomitis bears the burden of demonstrating he is a "qualified individual." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1108 (9th Cir. 2000) ("An ADA plaintiff bears the burden of proving that she is a 'qualified individual with a disability[.]'"). A qualified individual is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A reasonable accommodation may include "reassignment to a vacant position." 42 U.S.C. § 12111(9)(B).

Dicomitis failed to show he is a qualified individual. Dicomitis represented to the Social Security Administration ("SSA") that he is disabled and unable to work. *Weyer*, 198 F.3d at 1108 ("A totally disabled person who cannot 'perform the essential functions of the employment position' with or without reasonable

---

[1] We analyze the ADA and MHRA claims together. *Pannoni v. Bd. of Trustees*, 90 P.3d 438, 444 (Mont. 2004) ("[T]he MHRA is closely modeled after federal anti-discrimination statutes such as the ADA[.]").

17-35948

accommodations thus cannot be a 'qualified individual.'"). Dicomitis has received disability benefits since 2008, and continues to receive such benefits. Dicomitis did not provide an adequate explanation for his prior representation of disability to the SSA, and his current assertion that he is a qualified individual. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806–07 (1999).

Dicomitis is not a qualified individual for the additional reason that he failed to request a reasonable accommodation at or near the time of his termination. *Dark v. Curry Cty.*, 451 F.3d 1078, 1088 (9th Cir. 2006) ("[Plaintiff] has the burden of showing the existence of a reasonable accommodation that would have enabled him to perform the essential functions of an available job."). As a result, the district court correctly found Dicomitis not qualified because he failed to show that he requested, and could have performed, a vacant UPS position at or near the time of his termination. *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 401–02 (2002) (recognizing that a plaintiff must "show that an 'accommodation' seems reasonable on its face"); *Dark*, 451 F.3d at 1089.

The district court also properly dismissed Dicomitis's accommodation claims as time barred and unexhausted. *See* Mont. Code Ann. § 49-2-501(4)(a)-(b); Mont. Code. Ann. § 49-2-512(3).

**AFFIRMED.**